UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TATENDA NYANHONGO, on behalf of himself and all others similarly situated, | ) Case No.: ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **COMPLAINT** ) |
| NCB MANAGEMENT SERVICES, INC., | ) ) ) |
| Defendant. | ) ) ) |

Plaintiff, Tatenda Nyanhongo (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1191(b).

## PARTIES

4. Plaintiff is a natural person, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant NCB Management, Inc. ("NCB" or "Defendant"), is a corporation that is located in Bucks County Pennsylvania. Defendant is a "debt collector" as the phrase is defined and

applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## **FACTUAL STATEMENT**

6. On a date better known to Defendant, Plaintiff Tatenda Nyanhongo allegedly incurred a debt.

7. The alleged debt was consumer in nature.

8. On a date better known by Defendant, the debt was then sold to NCB for collections.

9. On April 29th, 2024 Defendant sent Plaintiff an initial letter concerning the debt.

10. The letter advised Plaintiff that it is the new account holder. It also advised that all future correspondence, including payments of the debt and debt disputes, should be sent to NCB.

11. This letter was clearly sent *in connection* with the collection of a debt.

12. The letter did not include the amount owed or the consumers right to dispute the debt.

13. Defendant never sent a follow up letter, providing the mandatory disclosures, pursuant to 15 U.S.C. § 1692g.

14. As a result of Defendant's failure to provide the mandatory disclosures, Plaintiff never knew of his rights to dispute the debt.

15. Despite not sending further communication to Plaintiff in attempt to collect, Defendant began collection efforts by placing the debt on his credit report. Had Defendant informed Plaintiff of his rights, Plaintiff would have disputed the debt, and this would have prevented Defendant from credit reporting the debt, until it validated the debt as required by statute.

16. In effect, Defendant set forth a perfect scheme to ensure maximum collections while simultaneously preventing consumers from knowing their rights. The way the scheme works is that Defendant's initial letter tells consumers exactly where to mail payments, but provides

no other direct communication, thereby depriving consumer's of the knowledge or ability to dispute the debt.

17. As a result, Plaintiff's credit has suffered injury, which could have been prevented had his rights been explained.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this case as an FDCPA class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have been deprived of their right to dispute debts with NCB or know what amount they allegedly owe, as alleged herein, are in violation of the FDCPA.

19. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers within the United States that have received an initial letter from Defendant, concerning a debt incurred for familial, personal, or household use that did not include their right to dispute, within one year prior to the filing of this Complaint.**

20. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate 15 U.S.C. § 1692e, 1692e(10), 1692f, and 1692g is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

35. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

36. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Defendant's actions are in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

38. As a result of these violations Plaintiff suffered credit harm and emotional damages.

WHEREFORE, Plaintiff, Tatenda Nyanhongo, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Enter judgment against Defendant for actual and statutory damages pursuant to the FDCPA;

    B. Award costs and reasonable attorneys' fees;

    C. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 11th day of April, 2025

                    Respectfully Submitted,

                    /s/ Daniel Zemel
                    Daniel Zemel, Esq.
                    Zemel Law LLC
                    660 Broadway
                    Paterson, NJ 07514
                    T: (862) 227-3106
                    F: (973) 282-8603
                    dz@zemellawllc.com
                    Attorneys for Plaintiff