IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TATENDA NYANHONGO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-1879 |
| | : | |
| NCB MANAGEMENT SERVICES, INC. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                    **March 31, 2026**

Plaintiff Tatenda Nyanhongo brings an action under the Fair Debt Collection Practices Act (FDCPA) against Defendant NCB Management Services, Inc. ("NCB") alleging various violations of the statute.  NCB filed a motion to dismiss against Nyanhongo's claims arguing he lacks standing to bring these claims and fails to state a plausible claim because NCB did not engage in communication as defined by the FDCPA.  Because Nyanhongo lacks standing to bring his claims, the Court will grant the motion.  The Court, however, will only dismiss Nyanhongo's claims without prejudice and grant leave to amend his complaint.

**BACKGROUND**

At some point in time, Tatenda Nyanhongo incurred a consumer debt.[1]  Compl. ¶¶ 6, 7, Dkt. No. 1.  Later, this debt was sold to NCB, a debt collector located in Bucks County, Pennsylvania. *Id.* ¶¶ 5, 8.  On April 29, 2024, NCB sent Nyanhongo a letter stating it was the new owner of Nyanhongo's debt and that all future correspondence should be sent to NCB's address in Pennsylvania. *Id.* ¶¶ 9-10.  The letter did not include the amount owed on the debt or information

---

[1]     It is unclear on the face of Nyanhongo's complaint whether he is alleging this debt actually belonged to him or if this debt was issued erroneously to him.

about dispute processes. *Id.* ¶ 12. NCB did not initiate any follow up communications about the debt. *Id.* ¶¶ 13, 15. Nyanhongo was not aware he could dispute the debt.[2] *Id.* ¶¶ 14-15. NCB eventually placed the debt on Nyanhongo's credit report.[3] *Id.* On April 11, 2025, Nyanhongo filed a class action complaint alleging NCB violated various provisions of the FDCPA including 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. *Id.* ¶ 37. He alleges he has "suffered credit and emotional damages" from NCB's conduct. *Id.* ¶ 38. On June 13, 2025, NCB filed a motion to dismiss.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits two types of jurisdictional challenges: facial attacks and factual attacks. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" whereas a factual attack contests the truth of the jurisdictional allegations. *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (internal citation omitted). In a facial attack, as there is here, a court must accept the complaint's well-pleaded allegations as true and review the allegations in light most favorable to the plaintiff. *Manivannan v. U.S. Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022). To survive a Rule 12(b)(1) motion, the plaintiff must establish that jurisdiction exists. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022).

---

[2]   Nyanhongo does not explicitly allege that he did not dispute or pay the debt at this time. However, the Court can reasonably infer this fact.

[3]   It is not clear from the complaint when this debt was placed on his credit report. The complaint also does not allege how long this debt remained on his report or whether this debt is still on the report. Relatedly, it is unclear if Nyanhongo eventually disputed or paid off the debt.

**DISCUSSION**

NCB moves to dismiss Nyanhongo's claims for lack of standing because he has failed to allege a concrete injury. Nyanhongo asserts his standing by alleging credit and emotional injuries through the informational injury doctrine and the traditional standing doctrine. The Court finds he has failed to allege a sufficient concrete injury under either doctrine of standing.

To establish standing, Nyanhongo "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The parties only dispute the injury in fact prong of standing.

Under the informational injury doctrine, "to state a cognizable informational injury a plaintiff must allege that 'they failed to receive . . . required information,' and that the omission led to 'adverse effects' or other 'downstream consequences,' and such consequences have a nexus to the interest Congress sought to protect." *Kelly v. RealPage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022) (alteration in original) (first quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021); and then citing *Spokeo*, 578 U.S. at 341). This doctrine serves as "an exception to the usual concreteness requirement." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 149 (3d Cir. 2023) (citing *Kelly*, 47 F.4th at 212 n.8)

Under traditional standing principles, a "plaintiff must show that []he suffered an injury for which there exists a sufficiently 'close historical or common-law analogue.'" *Huber*, 84 F.4th at 147-48 (citing *TransUnion*, 594 U.S. at 424). Once the plaintiff has identified a historical or

3

common-law analogue, he must show "*the harm* [the prospective plaintiff suffered as a result of the statutory violation] bears a sufficiently close relationship to *the harm* from [that common-law action]." *Id.* at 148 (alterations in original) (citing *TransUnion*, 594 U.S. at 433). Nyanhongo's "claims, which are based on Defendants' misrepresentations or omissions, are most analogous to common law fraud or negligent misrepresentation." *Byrd Est. v. Nationstar Mortg., LLC*, No. 24-1063, 2025 WL 3172843, at *4 (E.D. Pa. Nov. 13, 2025) (first citing *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 237 (3d Cir. 2024); and then *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 998 (11th Cir. 2020)). "Traditionally, common law misrepresentation torts have required the plaintiff to establish justifiable reliance and actual damages." *Id.* (citations omitted). Under both doctrines of standing, a plaintiff must allege they suffered some form of "downstream" or "detrimental consequences" that stemmed from the defendant's acts or omissions. *Kelly*, 47 F.4th at 214; *Huber*, 84 F.4th at 149.

Nyanhongo has not alleged sufficient facts to meet this standard. He only claims he suffered credit harm and emotional damages because he did not know he could dispute his debt, and the debt was then reported on his credit report. "Several courts have found that diminution of credit score confers standing as a financial harm that impacts a consumer's economic condition." *Norman v. Trans Union, LLC*, 669 F. Supp. 3d 351, 371 (E.D. Pa. 2023) (collecting cases). The Court agrees with these cases and finds if Nyanhongo has alleged his credit score has been reduced by NCB's action, he would have standing. But he has not done so. He only alleges in a conclusory manner that he "suffered credit and emotional damages." Compl. ¶ 38. He does not allege the debt being reported caused his credit score to decrease or that he has been denied credit as a result. *Credle v. World Omni Financial Corp.*, No. 26-CV-1323, 2026 WL 710002, at *3 (E.D. Pa. Mar. 12, 2026). He also fails to allege what type of emotional damages he has suffered from the debt

being reported.  This bare allegation of "emotional and mental harm [is] too undeveloped and conclusory to allege standing."  *Id.* (collecting cases).  Thus, Nyanhongo's "vague and indefinite allegations are inadequate to establish injury-in-fact."  *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 156 (3d Cir. 2012).

The Court therefore will dismiss Nyanhongo's claims without prejudice because it lacks subject matter jurisdiction on standing grounds.[4]  *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 209 (3d Cir. 2021) ("We have noted that '[b]ecause the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals "with prejudice" for lack of standing are generally improper.'" (alteration in original) (quoting *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164 n.7 (3d Cir. 2017))).  Nyanhongo could potentially amend his complaint to allege more detailed factual allegations that establish standing.

**CONCLUSION**

Because Nyanhongo does not have standing, NCB's motion is granted and his complaint is dismissed without prejudice.  But he will be given leave to amend his complaint.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4]    Because this Court lacks subject matter jurisdiction to reach a decision on the merits, it will not address NCB's argument that Nyanhongo fails to state a plausible claim that the Letter violates the FDCPA because it was not a "communication" as defined by the statute.  *Adam v. Barone*, 41 F.4th 230, 233 (3d Cir. 2022) ("So if a plaintiff does not have standing, courts 'lack authority under Article III of the Constitution to consider the merits' of any claim." (quoting *In re Boy Scouts of Am.*, 35 F.4th 149, 156 (3d Cir. 2022))).