IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TATENDA NYANHONGO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-1879 |
| | : | |
| NCB MANAGEMENT SERVICES, INC. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **August 14, 2026**

Plaintiff Tatenda Nyanhongo brings this class action under the Fair Debt Collection Practices Act (FDCPA) against NCB Management Services, Inc. ("NCB") alleging violation of the statute. NCB now moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Nyanhongo has plausibly alleged that NCB's letter was sent "in connection with the collection of any debt," the motion to dismiss is denied.

**BACKGROUND**

At some time, Nyanhongo incurred a consumer debt, which was later purchased by NCB. *See* First Am. Compl. ¶¶ 6-8, ECF No. 11. On April 29, 2024, NCB sent Nyanhongo a letter stating that it was the new owner of Nyanhongo's debt and allegedly placed the account at issue on his credit report at the same time. *Id.* ¶¶ 9-10, 12. The letter stated that all future correspondence should be sent to NCB's address in Pennsylvania. *Id.* ¶ 12. It also stated: "No collection efforts will occur on [Nyanhongo's] account for at least 30 days after the date of this notice" and "if [Nyanhongo] ha[d] already sent payment to [the former debt owner], the payment will be forwarded to [NCB]." *See* ECF No. 6-2. The letter ended by stating "This communication is from a debt collector." *Id.* The letter did not include the amount owed on the debt or any information about dispute processes. First Am. Compl. ¶ 14. NCB did not initiate any follow-up

communication about the debt. *Id.* ¶ 15. On April 11, 2025, Nyanhongo filed a one-count complaint against NCB. ECF No. 1. The complaint was dismissed without prejudice by this Court on March 31, 2026. ECF No. 10. On April 15, 2026, Nyanhongo filed an Amended Complaint. ECF No. 11. On April 29, 2026, NCB filed a motion to dismiss the Amended Complaint. ECF No. 12. The motion is now ripe for review.

**STANDARD**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 555. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a motion to dismiss, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

NCB moves to dismiss Count I of the Amended Complaint, which claims NCB did not comply with the requirements of the FDCPA in its letter to Nyanhongo. First Am. Compl. ¶¶ 40-

43. NCB argues that its letter to Nyanhongo was not a communication subject to the FDCPA. *See* Mem. Supp. Mot. to Dismiss Pl.'s First Am. Compl. 3-6, ECF No. 12.

The requirements of § 1692g(a) of the FDCPA "do[] not apply to *every* communication between a debt collector and a debtor," only those made "in connection with the collection of a debt." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (emphasis in original); 15 U.S.C. § 1692g(a). No court however has established a bright-line rule for determining whether a communication from a debt collector was made "in connection with the collection of any debt," rather, it is assessed by looking at the totality of the circumstances. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010).

For determining whether a communication is made in connection with the collection of a debt, the Third Circuit follows the test established by the Seventh Circuit by asking if the "animating purpose of the communication [was] to induce payment by the debtor." *See Simon v. FIA Card Servs.*, 732 F.3d 259, 266 (3d Cir. 2013) (quoting *Grden*, 643 F.3d at 173). Critically, a communication "need not contain an explicit demand for payment to constitute debt collection activity." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 (3d Cir. 2014). Even a letter that is not itself a collection attempt may satisfy the standard if it "aims to make . . . such an attempt more likely to succeed." *Simon*, 732 F.3d at 266 (quoting *Grden*, 643 F.3d at 173).

Nyanhongo has sufficiently pled a claim under the FDCPA. The letter he received from NCB indicates an attempt to induce him to pay his debt. First, it states it is from a debt collector and does not disclaim an attempt to collect debt; courts have found this meaningful. *See, e.g.*, *McLaughlin*, 756 F.3d at 246 (finding debt collection activity where debt collector identified itself as a "debt collector attempting to collect a debt"); *McDermott v. Nationstar Mortg. LLC*, 143 F. Supp. 3d 290, 303 (E.D. Pa. 2015) (finding no debt collection activity where debt collector did not

identify themselves as a "debt collector" or as "attempting to collect a debt"). Second, it directs Nyanhongo's future correspondence to NCB's address. Providing this information may make a collection attempt more likely to succeed as it gives Nyanhongo clear direction on where to reach NCB. Third, taking Nyanhongo's allegations as true, the alleged contemporaneous reporting of his debt to the credit bureaus could constitute a collection effort, as courts have recognized such reporting as a means of inducing payment. *See Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 381 (E.D. Pa. 2017); *see also D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F. Supp. 1250, 1253 (D. Del. 1981) (noting that collectors will report on credit in hope that it "will result in prompt payment of the debt"). Third, the letter's reference to payment, stating, "If you have already sent payment to [the former debt owner], the payment will be forwarded to us" could suggest that facilitating payment was at least one purpose of the communication as it directly contemplates the transfer of debt funds to NCB. ECF No. 6-2. Finally, the FDCPA "must be broadly construed in order to give full effect to [its] purposes." *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). This counsels against dismissal at this stage, particularly where the question of whether a communication was made in connection with the collection of a debt turns on the totality of the circumstances.

**CONCLUSION**

Because Nyanhongo has plausibly alleged that NCB's letter was sent "in connection with the collection of any debt," the motion to dismiss is denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.